**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 10-53852 |
| | ) | |
| MARK J. HOLDA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

Name of Applicant: FrankGecker, LLP

Authorized to Provide Professional Services to: Frances F. Gecker, Chapter 7 Trustee of the Estate of Mark J. Holda

Period for Which Compensation is Sought: January 13, 2011 through July 30, 2012

Amount of Fees Sought: $6,450.00

Amount of Expense Reimbursement Sought: $ 49.00

This is a: First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{HOLDA/001/00031433.DOC/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-53852 |
| | ) | |
| MARK J. HOLDA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF MARK J. HOLDA FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of Mark J. Holda (the "Debtor"), hereby submits their first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $6,450.00 for legal services performed as counsel to the Trustee during the period of January 13, 2011 through and including July 30, 2012 (the "Application Period") and reimbursement of expenses totaling $49.00 incurred in connection with those services. In support of the Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1. December 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Chapter 13 Case").

2. On December 19, 2010 (the "Conversion Date"), the Chapter 13 Case was converted to one under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

3. Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the Chapter Case.

4. The Section 341 meeting of creditors was held on January 13, 2011 (the "341 Meeting").

5. The Trustee chose Zane Zielinski and the law firm of FrankGecker LLP ("FG") as her counsel in the Case. On February 15, 2011, this Court entered an order authorizing the Trustee to retain FG as her counsel retroactive to January 13, 2011.

6. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

7. On or about February 4, 2008, the Debtor and his wife, Lydia Holda, retained Richert to represent them after sustaining personal injuries and property damage in an automobile accident (the "Accident") on or about October 20, 2007.

8. The assets of this case consisted of $45,000.00 in settlement funds from the lawsuit in the Circuit Court of Cook County, captioned *Lydia Holda and Mark Holda v. Bruce W. Maki, Thomas Betts Corporation, and Thomas Betts Power Solutions*, Case No. 2009-L-010434 (the "Lawsuit").

9. This Application seeks allowance of all fees and expenses incurred by FG from January 13, 2011 through and including June 15, 2012. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **SERVICES PERFORMED**

A. **Administration** $980.00

FG spent 3.0 hours at a cost of $980.00 on issues relating to examining potential assets, reviewing Debtor's exemptions and examining a related chapter 11 case involving the Debtor's business.

B. **Claims** $1,775.00

FG spent 8.0 hours at a cost of $1,775.00 on issues relating to reviewing claims, and also drafting, filing and appearing in court in connection with claim objection's related to an IRS claim and an Orange Lake Country Club.

C. **Personal Injury Litigation** $3,052.50

FG spent 11.70 hours at a cost of $3,052.50 on issues relating to reviewing the Debtor's personal injury settlement, and drafting, filing and appearing in court on approval of the settlement.

D. **Preparation of Fee Application – Retention** $642.50

FG spent 2.0 hours at a cost of $642.50 on issues relating to drafting, filing and appearing in court in connection with retaining Trustee's counsel and FG's final fee application.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

Zane L. Zielinski (ZLZ) is an associate at Frank/Gecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

William G. Cross (WC) is an associate at FrankGecker LLP. Mr. Cross is a 2009 graduate of Loyola University Chicago School of Law. Mr. Cross specializes in bankruptcy law and has represented trustees and creditors in bankruptcy cases.

{HOLDA/001/00031433.DOC/}    3

### III. CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from January 13, 2011 through July 30, 2012. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of 24.7 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $6,450.00 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $261.13. In addition, FG has expended the sum of $49.00 for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $6,450.00;

B. Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $49.00; and

C. Authorizing the Trustee to pay Frank/Gecker LLP compensation and expense reimbursement in the total amount of $6,499.00.

    Respectfully submitted,

    FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of MARK J. HOLDA

    By: /s/ *Zane L. Zielinski*
        One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com

{HOLDA/001/00031433.DOC/}     6